SHOWALTER *v.* COX.

(*Knoxville.* October 31, 1896.)

BANKS AND BANKING. *Title of check delivered to bank does not pass, when.*

The title to a check does not pass to a bank to which it is delivered by the holder, without any special agreement, express or implied, in regard thereto, when it is not entered up to the latter's credit, and the bank, at the time of receiving it, was hopelessly insolvent, to the knowledge of its officers; and a receiver of such bank subsequently appointed, who forwards such check to the drawee, and collects the amount, will be compelled to refund same to the depositor.

Cases cited and approved: Aiken *v.* Jones, 93 Tenn., 353; Sayles *v.* Cox, 95 Tenn., 582.

FROM WASHINGTON.

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

BURROW BROS. and ISAAC HARR for Showalter.

FAW & COX for Cox.

WILKES, J. This is a bill to recover one hundred dollars from the defendant as receiver of the First National Bank of Johnson City. The Chan-

cellor gave judgment for the amount, and defendant appealed and assigned errors. The cause has been heard by the Court of Chancery Appeals, and that Court affirmed the decree of the Chancellor, and defendant has appealed to this Court.

It appears that on the twelfth of November, 1894, the complainant delivered to the bank a check drawn by C. H. Cowan against the Bank of Clinch Valley, at Tazewell, Va. The bank at Johnson City was at that time hopelessly insolvent, and this was well known to its officers when they received the check from complainant. The check was sent direct to the Bank of Clinch Valley, with instructions to remit in New York exchange. It was sent in a letter commenced by the president of the bank but finished and signed by the national bank examiner, who had taken charge of the bank, it having closed its doors on the same day the check was received, and very soon thereafter.

The proceeds of the check were remitted on November 20, 1894, and received by the receiver then in charge of the bank at Johnson City, and was credited by him on open account. There is no evidence of any special agreement made when the check was delivered to the bank, but it was not entered up to the complainant's credit. It was on hand in the bank when it failed, and went into the hands of the bank examiner, and was afterward collected by the receiver in charge of the bank. Under these facts, the title to the check did not

pass to the bank, but remained in the complainant, and the relation of creditor of the bank did not arise.

In Morse on Banking, Sec. 583, it is said that, when there is no usage, or course of dealing between the parties to decide the matter, and a check is received without instructions, the bank may elect to receive it for collection or as cash, and the depositor is the owner until the bank makes it its own by crediting it as cash. There is an evident difference between a deposit of money without instructions, and of paper, such as checks, drafts, etc., without such instructions. Morse on Banking, Secs. 186, 187. When the check came to the hands of the bank examiner it was still the property of complainant, and when its proceeds were sent to the receiver he took them for complainant as the owner, and not as assets or property of the bank. The complainants had the right to recover these proceeds as his property from the receiver. Aiken v. Jones, 9 Pick., 353; Sayles v. Cox, 11 Pick., 582.

There is no error in the decree of the Court of Chancery Appeals, and it is affirmed.