[Civil No. 2893.   Filed April 21, 1930.]

[287 Pac. 296.]

FLORENCE MINES COMPANY, a Corporation, Appellant, v. THE PRESCOTT STATE BANK, a Corporation, A. T. HAMMONS, Superintendent of Banks for the State of Arizona, and HOMER R. WOOD, Special Deputy Superintendent of Banks and Ex-officio Receiver, Appellees.

Mr. A. L. Hammond, for Appellant.

Mr. John A. Ellis and Mr. R. B. Westervelt, for Appellees.

LOCKWOOD, C. J.—Florence Mines Company, a corporation, hereinafter called plaintiff, brought suit against the Prescott State Bank, a banking corporation, A. T. Hammons as superintendent of banks for the state of Arizona, and Homer R. Wood, special

deputy superintendent of banks and *ex-officio* receiver, hereinafter called defendants, to recover $1,566.08 which plaintiff claimed was a trust fund in the hands of the superintendent of banks as receiver of the Prescott State Bank. The matter was tried before the court upon an agreed statement of facts, and judgment was rendered in favor of defendants, from which judgment this appeal is taken.

It is the contention of plaintiff that a certain deposit made by it in the Prescott State Bank was a trust fund for the reason that at the time of such deposit the bank was hopelessly insolvent to the knowledge of its officers and directors. It is the general rule of law that where a bank is hopelessly and irretrievably insolvent to the knowledge of its officers, and that the responsible officers have no reasonable hope that it might regain a sound condition, a deposit accepted becomes a trust fund and may be recovered as such under the proper circumstances. *Bruner* v. *First Nat. Bank of Johnson City,* 97 Tenn. 540, 34 L. R. A. 532, 37 S. W. 286; *Richardson* v. *New Orleans Debenture Redemption Co.,* (C. C. A.) 102 Fed. 780, 52 L. R. A. 67; 3 R. C. L. 557. We have laid down the elements necessary for the recovery in the case of *Jarvis* v. *Hammons,* 32 Ariz. 444, 259 Pac. 886, 889, and the case of *Hammons* v. *National Surety Co., ante,* p. 459, 287 Pac. 292. The correct rule to be applied in determining whether a preferred lien against the estate of an insolvent should be allowed is stated as follows in *Jarvis* v. *Hammons, supra:*

"The right to recover a trust fund in full from the assignee or receiver of an insolvent debtor depends upon several things, the three principal ones being: First, the establishment of the fact that the deposit of the money with the debtor was made under circumstances creating a trust; second, an affirmative showing that by reason of the transaction the actual,

physical assets coming into the hands of the receiver or assignee were augmented by the transaction; and third, the ability of the claimant to trace his deposit, either in its original form or in a changed form, into the hand of the receiver.

"If the deposit is cash and the cash is, by the debtor, commingled with other cash belonging to the debtor *and the commingled funds do not, subsequent to the deposit, decrease below the amount of deposit,* it will be presumed that the cash remaining in the commingled fund is that of *cestui que trust* for the reason it will be presumed that the debtor, now insolvent, in paying out moneys, paid out his own rather than that of the *cestui que trust.*" (Italics ours.)

Assuming, for the sake of the argument only, that the agreed statement of facts shows the creation of a trust in favor of plaintiff, and that by reason of the transaction the actual physical assets coming into the hands of the receiver were augmented thereby, there is nothing which would enable us to trace the deposit either in its original or changed form into the hands of the receiver. The deposit was cash, and the statement of facts fails utterly to show, either what became of that particular cash, or that any cash whatever came into the hands of the receiver when the bank was closed. Plaintiff has failed, therefore, within the rule in *Jarvis* v. *Hammons, supra,* and *Hammons* v. *National Surety Co., supra,* to trace his deposit into the hands of the receiver, and this being one of the necessary requirements before he can recover the amount thereof as a trust fund from the receiver, the trial court correctly rendered judgment against him.

The judgment of the superior court of Yavapai county is therefore affirmed.

McALISTER and ROSS, JJ., concur.